The Honorable Tim Wooldridge State Representative 100 College Drive Paragould, AR 72450
Dear Representative Wooldridge:
This is in response to your request for an opinion concerning a person seeking a county quorum court position. You have asked that this opinion be expedited because of the upcoming election cycle. Your specific question is as follows:
 Can an employee of a county owned but not county operated hospital serve on the quorum court?
You state that this question is asked in relation to the Lawrence Memorial Health Services Hospital, a county-owned facility which is operated under a management contract with Saint Bernards Regional Medical Center. You state that "[t]he employees of the Lawrence Memorial Health Services do not receive the same benefits as the county employees, such as retirement and additional holidays[;]" and that "[t]he Quorum Court of Lawrence County does not set the salary or number of employees at Lawrence Memorial Health Services."
It is my opinion, based upon the above set of facts, that the answer to your question may depend upon the particular "employee" position in question. If the individual would in fact be receiving compensation as an employee of the county hospital Board of Governors while serving as justice of the peace, then it is my opinion that service on the Quorum Court in that instance will be prohibited. Your emphasis upon the fact that the hospital in question is not operated by the county, but rather is operated under a private management contract, makes me somewhat uncertain, however, as to the status of the particular employee in question. An initial factual determination may therefore be required in this regard. Those who are employed and compensated by the management entity, as distinguished from the county hospital itself, would presumably not fall within the prohibitions in A.C.A. § 14-14-1205(c) pertaining to a "county employee" and the receipt of compensation from funds appropriated by the Quorum Court. The applicability of any other relevant prohibition to employees of the managing entity would require a case-by-case review.
Please note that I have enclosed a copy of Attorney General Opinion96-262, which addressed the question of whether employees of a county owned and operated hospital can legally serve as members of a county quorum court. It was concluded therein that while such employees are not expressly prohibited from serving on the quorum court, as a practical matter their service on the quorum court is likely prohibited by A.C.A. §§ 14-14-1205(c) and -1202(c)(1) due to the prohibitions therein with respect to the quorum court member's receipt of compensation from the county hospital employment. Opinion 96-262 states:
 [W]hen a county hospital board enters into an employment agreement with an individual, the board has entered into that agreement on behalf of the county, and the individual is, in essence, `providing labor or service to a county.' A.C.A. § 14-14-1205(c). [sic.][1] It follows, then, that county hospital employees are `county employees' for purposes of A.C.A. § 14-14-1205(c). Therefore, under the provisions of A.C.A. § 14-14-1205(c), county hospital employees who serve on the quorum court cannot receive compensation from their hospital employment while serving on the quorum court. This requirement clearly has the practical effect of precluding service on the quorum court while being employed with a county hospital.
In my opinion, the fact that the hospital Board of Governors rather than the Quorum Court sets the number of hospital employees and their salaries is not determinative for purposes of § 14-14-1205(c). Rather, the key element lies in the fact that the hospital Board members are county officers who act on behalf of the county when they "employ personnel" (A.C.A. § 14-263-105(c)). The county hospital is not a legal entity separate from the county. See Warren v. Wheatley, 231 Ark. 707,331 S.W.2d 843 (1960). As noted in Attorney General Opinion 92-101
(regarding bidding requirements under A.C.A. § 22-9-203), the hospital is county-owned and members of the Board of Governors are appointed by the county judge and subject to approval by the quorum court. A.C.A. § 14-263-104(a). It was thus concluded in Opinion 92-101 that contracts awarded by the Board of Governors are county contracts, and that the exercise of authority by and the actions of the Board are the same as the actions of the county for purposes of the bidding requirements under § 22-9-203.
A similar analysis applies, in my opinion, in determining the status of a county hospital employee as a "county employee" under § 14-14-1205(c). The issue in this particular instance may ultimately turn, however, on the specific facts surrounding the individual's employment, i.e., if the employee in question is in fact employed by Saint Bernard's Regional Medical Center (the management entity), then service of such employee on the quorum court likely falls outside § 14-14-1205(c). If indeed, however, your question pertains to an employee of the Lawrence Memorial Health Services Hospital, i.e., the county hospital itself as distinguished from the management entity, then it is my opinion that §14-14-1205(c) will apply to, in effect, prevent his or her service on the quorum court, notwithstanding the fact that the hospital is operated under a management contract.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] The correct citation is A.C.A. § 14-14-1206(b).